IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON LETT,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et al.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 19-3170-KSM |

FILED
NOV 26 2021
By ___JL___ Dep. Clerk

**ORDER**

**AND NOW** this 26th day of November, 2021, upon consideration of Defendant Southeastern Pennsylvania Transportation Authority's ("SEPTA") Motion for Summary Judgment (Doc. No. 53), Plaintiff's opposition brief (Doc. No. 58), SEPTA's reply brief (Doc. No. 62), Defendant International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division, Local 1594's ("SMART") Motion for Summary Judgment (Doc. No. 52), Plaintiff's opposition brief (Doc. No. 59), SMART's reply brief (Doc. No. 61), Plaintiff's supplemental letter brief (Doc. No. 71), and SMART's letter brief in response (Doc. No. 72), it is **ORDERED** that the motions are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Summary judgment is **GRANTED** to SEPTA and SMART to the extent Plaintiff asserts a failure to accommodate claim based on their refusal to grant an exception to the seniority-backed scheduling system.

2. Otherwise, the motions are **DENIED.**

**IT IS FURTHER ORDERED** that the Court's February 11, 2021 Third Amended Scheduling Order (Doc. No. 55) is **AMENDED** as follows:

1.      Counsel shall participate in a settlement conference to be scheduled by Magistrate Judge Marilyn Heffley by **December 31, 2021**, if practicable.

2.      No later than **January 14, 2022**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

3.      No later than **January 21, 2022**, the parties shall file objections, if any, to designations of deposition testimony which shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of the objection. The objecting party shall deliver to chambers a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

4.      All motions *in limine* shall be filed no later than **January 21, 2022**. Responses, if any, shall be filed no later than **January 31, 2022**. Any brief or memorandum filed in support of or in opposition to a motion *in limine* must be limited to five (5) pages of double-spaced 12-point font. Absent leave of court, a party shall not file more than five (5) motions *in limine*.

5.      No later than **February 1, 2022**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memoranda shall include the following:

    (a)     All stipulations of counsel;

    (b)     A statement of objection to: (i) the admissibility of any exhibit based on authenticity; (ii) the admissibility of any evidence expected to be offered for any reason (except objections to relevancy); (iii) the adequacy of the qualifications of an expert witness expected to testify and (iv) the admissibility of any opinion testimony from lay witnesses pursuant to Fed. R. Evid. 701. Such objection shall describe with particularity the ground and the authority for the objection.

(c) Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

(d) Counsel must prepare one unified and agreed upon set of proposed jury instructions on substantive issues and one proposed verdict form or set of special interrogatories to the jury. If counsel cannot agree on a particular instruction, they must submit their competing versions along with a statement explaining why the Court should give their proposed instruction. Proposed jury instructions must be tailored and personalized for the case and should include accurate quotes from, and citations to, cases and pattern jury instructions where appropriate. If pattern instructions are to be given, those instructions should be taken from the Third Circuit Model Jury Instructions wherever possible. United States Supreme Court or Third Circuit Court of Appeals cases should be cited wherever applicable. In addition to filing the proposed jury instructions and verdict form on the Court's docket, the parties must e-mail the documents in Word format to Chambers_Judge_Marston@paed.uscourts.gov.

6. A final pretrial conference will be held on **February 8, 2022 at 10:00 a.m., in Chambers (Room 5614)**. Counsel shall be prepared to address any pending motions *in limine*, and objections to witnesses and exhibits. It is expected that counsel attempted to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve. Counsel are also expected to have discussed with their respective clients prior to the conference the issues to be addressed at any conference with the Court and to come to the conference with all necessary authority. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

7. At the final pretrial conference, the parties shall provide the Court with a copy of each exhibit and two copies of a schedule of exhibits which shall describe each exhibit. Exhibits shall be arranged and tabbed in a three-ring binder.

8. No later than **February 17, 2022**, counsel shall submit a trial brief on the legal issues to be resolved at trial.

9. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court.

10. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

11. This case will be listed for trial on **March 3, 2022 at 9:30 a.m. in Courtroom TBD**. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*

KAREN SPENCER MARSTON, J.