IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON LETT,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 19-3170-KSM |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                  February 10, 2022

Plaintiff Aaron Lett brings disability discrimination claims against his former employer, Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Pennsylvania Human Relations Act ("PHRA"). Lett also claims that his former union, Defendant International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division, Local 1594 ("SMART" or the "Union"), aided and abetted SEPTA's discriminatory conduct in violation of the PHRA. Lett has filed a motion *in limine* to preclude SEPTA and SMART from introducing evidence of his prior convictions at trial.[1] (*See* Doc. No. 81.) SEPTA opposes the motion. (*See* Doc. No. 98.) For the reasons discussed below, the motion is granted.

I.

In the early 2000s, Lett and his then-wife, Tomeeka Lett, were convicted in federal and

---

[1] SEPTA and SMART also filed motions *in limine* (Doc. Nos. 82–85), but those motions were mooted by the parties' stipulation on evidentiary issues (Doc. No. 92).

state court for a variety of fraud crimes.  (*See* Doc. No. 98-3 at p. 5 (Docket for *State of Ohio v. Lett*, CR-01-401027-A); Doc. No. 102-1 at pp. 4–5 (Docket for *United States v. Lett*, 1:00-cr-00272-PRM-1 (N.D. Ohio)).)  The couple orchestrated a scheme where Lett, a temporary claims processor who processed claims for various insurance companies, wrote fraudulent checks to fictitious persons and businesses or to Tomeeka Lett, who would endorse the checks.  (*See* Doc. No. 98-2 at p. 2.)  In total, together, Mr. and Mrs. Lett defrauded the companies of more than $500,000.  (*See* Doc. No. 98-2 at p. 2 (publishing the couple's total restitution as $554,641).)

**The Federal Action**

In July 2000, Lett pled guilty to a bill of information charging him with one count of misuse of social security number and one count of bank fraud in the United States District Court for the Northern District of Ohio.  (Doc. No. 102-1 at p. 3, Entry 15.)  The court sentenced him to 15 months imprisonment — to begin after Tomeeka Lett finished her own 3-month sentence — followed by 5 years supervised release.  (*Id.* at pp. 4–5, Entry 21.)  Lett was also ordered to pay $291,053 in restitution to the insurance companies.  (*Id.*)  Consistent with this sentence, Lett voluntarily surrendered to FCI Fort Dix on March 29, 2001.  (*Id.* at p. 5, Entry 26.)  He was released from custody on June 11, 2002.  (*See* Doc. No. 102-2 at p. 2, Entry 1 (Docket for *United States v. Lett*, 2:02-cr-00340-RB-1 (E.D. Pa.) (transferring case to E.D. Pa.)).)

**The State Action**

While the federal action was pending, Lett and Tomeeka also faced state charges in the Cuyahoga County, Ohio Common Pleas Court for their insurance scheme.  (*See* Doc. No. 98-3.)  In March 2001, Lett pled guilty to five counts of insurance fraud, two counts of theft, and two counts of tampering with records.  (*Id.* at p. 5.)  In June 2002, when Lett was released from federal custody, the state court sentenced him to five years of community control.  (*Id.*)

II.

Lett seeks an order precluding any reference to his prior convictions, arguing that they are inadmissible under Federal Rule of Evidence 609(b) because SEPTA cannot show that their probative value substantially outweighs their prejudicial effect.[2]  (Doc. No. 81-1 at p. 3.) SEPTA counters that Lett's prior convictions are admissible because they "directly bear[ ] on his propensity to tell the truth, his testimony is crucial to this case, and his credibility will be contested at trial."  (Doc. No. 98 at p. 5.)

Rule 609 outlines when and how a party may introduce evidence of a witness's prior criminal conviction.  *See* Fed. R. Evid. 609(a) ("The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction.").  That rule dictates, among other things, that the court must admit evidence of any conviction, less than 10 years old, where "the elements of the crime required proving — or the witness admitting — a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).  But "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only when the court finds that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  Fed. R. Evid. 609(b)(1); *see also United States v. Jessamy*, 464 F. Supp. 3d 671, 674 (M.D. Pa. 2020) ("[T]he Rule 403 balancing is reversed.  Whereas under Rule 403 unfair prejudice must substantially outweigh the evidence's probative value, for convictions over ten years old, the probative value of the conviction must substantially outweigh the prejudicial effect.").  Under this standard, convictions that are "more than ten years old are presumptively excluded," *see United States v.*

---

[2] Lett also argues that the convictions are inadmissible under Rules 403 and 404.  (Doc. No. 81-1 at pp. 4–5.)  Because we find the convictions inadmissible under Rule 609, we do not address Lett's alternative arguments at this time.

*Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014), and "are only to be admitted in exceptional circumstances," *Jessamy*, 464 F. Supp. 3d at 674.

Fraud, theft, and tampering with records are crimes that involve a "dishonest act or false statement" under 609(a)(2). *See Caldwell*, 760 F.3d at 286 (cleaned up) (describing theft as a "crime[ ] that by [its] nature impl[ies] some dishonesty"); *United States v. Larry*, 537 F. Supp. 3d 766, 770 (M.D. Pa. 2021) (describing convictions for obtaining money by false pretenses and insurance fraud as crimes that "'implicate dishonesty and deceit and certainly bear upon the witness's credibility and veracity.'" (quoting *United States v. Slade*, Criminal Action No. 12-0367, 2013 WL 5873576, at *5 (E.D. Pa. Nov. 1, 2013))); *see also* Ohio Rev. Code § 2913.42(A) (outlining elements for crime of tampering with records and requiring proof that the defendant acted "with purpose to defraud or knowing that the person is facilitating a fraud").

However, more than 19 years have passed since Lett was released from federal custody in June 2002.[3] *See* Fed. R. Evid. 609(b)(1) (requiring the court to calculate whether "more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*" (emphasis added)). And almost 21 years have passed since Lett pleaded guilty to the state crimes in March 2001.[4] *See United States v. Lopez*, 979 F.2d 1024, 1033 (5th Cir. 1992) ("Lopez's prior conviction occurred in 1974; because Lopez was given probation and not

---

[3] The Court requested that counsel supplement their briefing to clarify whether Lett had been convicted in *both* federal and state court. Subsequently, Defendants provided a copy of the dockets for Lett's federal conviction. From the dockets it appears that Lett was released from federal prison in or around June 2002.

[4] In considering how much time has passed, the clock started running once the state court entered Lett's guilty plea, and not when his probationary term ended. *See, e.g., United States v. Wise*, __ F. Supp. 3d __, Criminal Action No. 20-102 (MAS), 2022 WL 225030, at *2 (D.N.J. Jan. 25, 2022) ("The Court agrees that 'release from confinement' does not include the termination of a probationary period." (collecting cases)); *United States v. Butch*, 48 F. Supp. 2d 453, 465 (D.N.J. 1999) ("In calculating this ten year period, the term 'release from confinement' does 'not include any period of probation or parole.'" (quoting 6 Weinstein's Fed. Evid. § 609.07[3])).

confined, the date of the conviction controls."); *Trindle v. Sonat Marine, Inc.*, 697 F. Supp. 879, 881 n.4 (E.D. Pa. 1988) ("[P]laintiff's guilty plea clearly constitutes a 'conviction' under Rule 609 . . . ."). This means Lett's convictions are admissible only if their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed. R. Evid. 609(b)(1).

The Third Circuit has outlined four factors that we must consider when weighing the probative value of a conviction against its prejudicial effect: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [witness]'s testimony to the case; and (4) the importance of the credibility of the [witness]." *Caldwell*, 760 F.3d at 286 (cleaned up).

Beginning with the first factor, we agree with SEPTA that the convictions, all of which involve dishonesty, are probative of Lett's character for truthfulness.[5] *See id.* (explaining that under the first factor the court considers "the impeachment value of the prior conviction," and "crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value [than crimes of violence] and are significantly more likely to be admissible"); *Andrews v. Harper*, __ F. Supp. 3d __, 2:19-CV-00670-CCW, 2021 WL 6051441, at *3 (W.D. Pa. Dec. 20, 2021) ("The nature of a theft conviction weighs in favor of admission because 'cheating or stealing are universally regarded as conduct which reflects adversely on one's honesty and integrity.'" (quoting *Sharif v. Picone*, 740 F.3d 263, 273 n.10 (3d Cir. 2014))).

Indeed, in cases like the one before us, where the jury is likely to see conflicting

---

[5] We note, however, that at least one court in this District has found that the probative value lessens when the opposing party seeks to admit the prior conviction in a later civil case. *Pettijohn v. Wusinich*, 705 F. Supp. 259, 260 (E.D. Pa. 1989) (finding that the plaintiff's four convictions for theft and one conviction for burglary, all of which were more than twelve years old, "have minimal probative value in this civil context").

testimony, credibility is a critical issue and the probative value of a prior conviction involving dishonesty is heightened.  *See Robinson v. Banning*, Civil Action No. 20-5442, 2021 WL 5631755, at *4 (E.D. Pa. Nov. 30, 2021) ("[T]he importance of the witness's testimony and credibility both weigh in favor of admission.  Robinson is the only plaintiff's witness.  His credibility will be a critical issue for the jury, who will have to decide between Robinson and Banning's conflicting testimony.").  *But see Pettijohn*, 705 F. Supp. at 260 (holding that the plaintiff's four convictions for theft and one conviction for burglary, all of which were more than twelve years old, were inadmissible where "plaintiff's case is likely to succeed or fail largely on the basis of his own testimony," and admission of these "old convictions might seriously and unjustly prejudice his credibility in the eyes of the jury, in effect depriving him of an opportunity for a fair trial").

Nevertheless, given their age, we cannot find that the probative value of Lett's prior convictions substantially outweighs the danger of prejudice.  "When analyzing the date of the conviction, older crimes have less probative value, are highly prejudicial and usually weigh against admission."  *Johnson v. Keystone Quality Transp. Co.*, Civil Action No. 16-6603, 2018 WL 723091, at *2 (E.D. Pa. Feb. 6, 2018); *see also United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977) ("Because the probative value of a prior conviction on the issue of credibility tends to decrease with the passage of time, the danger of prejudice clearly increases.  In the case before us," involving a thirty-eight year old conviction for bankruptcy fraud and a twenty-four year old conviction for income tax evasion, "we are unable to find any exceptional circumstances which would justify the admission of the convictions." (cleaned up)).

For example, district courts in this Circuit have admitted evidence of convictions for crimes involving dishonesty where the defendant was convicted or released from custody twelve

6

years previously.  *See Perez v. Lloyd Indus., Inc.*, Civil Action No. 16-cv-1079, 2019 WL 9584403, at *5 (E.D. Pa. Mar. 26, 2019) (admitting evidence of convictions for burglary, theft by unlawful taking, receipt of stolen property, and cashing a stolen check where the period of incarceration ended twelve years earlier); *Johnson*, 2018 WL 723091, at *2 (admitting evidence of ten year old convictions for tampering with records or identification and theft by deception-false impression); *Wink v. Ott*, Civil Action No. 1:11–cv–00596, 2012 WL 1979461, at *2 (M.D. Pa. June 1, 2012) (admitting evidence of twelve year old conviction for providing false reports to law enforcement).

But many courts have excluded such evidence when the relevant conviction was fifteen years or older.  *See Johnson*, 2018 WL 723091, at *2 ("[W]hile the 2008 conviction is admissible, convictions for the same offense in 1990 are not."); *see also Pettijohn*, 705 F. Supp. at 260 (excluding evidence of plaintiff's four convictions for theft and one conviction for burglary, where the convictions were twelve to fifteen years old); *Carvalho v. Bledsoe*, Civil Action No. 3:11-1995, 2019 WL 4962973, at *4 (M.D. Pa. Oct. 8, 2019) ("Carvalho completed his sentences for the burglary, carjacking, larceny, indecent exposure, credit card fraud, and check fraud convictions prior to 2002 . . . .  [T]he court finds that the probative value of these convictions does not substantially outweigh their prejudicial effect . . . ."); *Robinson v. Clemons*, No. Civ. A. 96-405 MMS, 1998 WL 151285, at *5 (D. Del. Mar. 24, 1998) (finding that "the 1983 crimes involve issues of honesty, thereby demonstrating greater inherent probative weight" and that "the plaintiff's credibility is important," but "a fifteen-year-old conviction is not subjected to the normal Rule 403 balancing test," and "[i]n light of the stringent reverse Rule 403 balancing test implemented by 609(b), the importance of the plaintiff's testimony, and the lack of compelling facts and circumstances, the 1983 conviction cannot survive scrutiny"); *cf. United*

*States v. D'Agata*, 646 F. Supp. 390, 392–93 (E.D. Pa. 1986), *aff'd* 826 F.2d 1057 (3d Cir. 1987) (Tbl.) (excluding sixteen year old perjury conviction).

We are persuaded by the reasoning in these cases, and although it is an extremely close call, we find that the probative value of Lett's convictions, which are more than nineteen years old, does not substantially outweigh their potential prejudice.

### III.

Lett's motion *in limine* is granted.[6]  An appropriate Order follows.

---

[6] We remind the parties that "*in limine* rulings are not binding on the trial judge, and the judge may always change h[er] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  "This is particularly so where the Court has not yet seen any of the evidence or heard any testimony." *Murray v. Downs Racing, LP*, 3:19-CV-228, 2021 WL 2930077, at *2 n.2 (M.D. Pa. July 12, 2021).  If at trial Defendants believe that the evidence presented provides a basis for revisiting this ruling, they should make a timely motion for reconsideration.